UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDAL S. GILL, | No. 2:13-cv-2598-EFB P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges the four year sentence imposed on him by the Shasta County Superior Court following his convictions of assault, child abuse, criminal threats, attempted arson, false imprisonment, and resisting arrest.[1]  ECF No. 1 at 1.  The court has reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.  As explained below, it appears that petitioner has failed to exhaust available state remedies with respect to the claims presented in this action.  Therefore, he must demonstrate good cause for this failure or obtain consent from the respondent to proceed despite his failure to exhaust.

---

[1] He also seeks leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a).  Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit, and his application will therefore be granted.

1

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

There is no indication on the habeas form that petitioner challenged the Shasta County Superior Court convictions and sentence in the California Supreme Court. Petitioner alleges that he filed a direct appeal with the California Court of Appeal, Third Appellate District, which was denied on December 3, 2013.[2] ECF No. 1 at 2. However, petitioner left his form habeas petition blank in response to the question therein as to whether he "sought further review of the decision on appeal by a higher state court." *Id.* Thus, the petition suggests that petitioner did not seek review of any of his claims in the California Supreme Court.[3] Indeed, there is no indication on

---

[2] Petitioner also alleges that he filed a habeas petition in the Shasta County Superior Court, which was denied on March 13, 2013. ECF No. 2 at 2-3. He does not claim to have filed any additional state court petitions for relief. *See id.*

[3] At a minimum, at least two of the claims were never presented to the California Supreme Court. *See* ECF No. 1, § 13 (alleging that two of his claims "were not previously presented in any other court because [his] appellate attorney didn't think they had any merit").

the California Supreme Court's docket that petitioner has sought review of his judgment of conviction in that court.[4] Petitioner does not allege that state court remedies are no longer available to him. In order to proceed, petitioner must show cause for his apparent failure to exhaust or obtain from the respondent an express waiver of the exhaustion requirement.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted subject to the provision below; and

2. Within thirty days from this order, petitioner shall show cause for his apparent failure to exhaust state remedies with respect to the claims contained in his December 16, 2013 petition or obtain from the respondent an express waiver of the exhaustion requirement. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed for failure to exhaust state remedies.

Dated: February 4, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986)*; United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).