UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDAL S. GILL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No.  2:13-cv-2598-EFB P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  He challenges the four year sentence imposed by the Shasta County Superior Court following his convictions of assault, child abuse, criminal threats, attempted arson, false imprisonment, and resisting arrest.  ECF No. 1 at 1.  On February 5, 2014, the court reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and explained that petitioner had failed to exhaust the available state remedies for his claims.  The court ordered petitioner to, within 30 days, either demonstrate good cause for this failure or obtain consent from the respondent to proceed despite his failure to exhaust.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

The time for acting has passed and petitioner has not complied with or otherwise responded to the court's February 5, 2014 order. For the reasons explained below, and in the February 5 order, this action must be dismissed.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

There is no indication on the habeas form that petitioner challenged the Shasta County Superior Court convictions and sentence in the California Supreme Court. Petitioner alleges that he filed a direct appeal with the California Court of Appeal, Third Appellate District, which was denied on December 3, 2013.[2] ECF No. 1 at 2. However, petitioner left his form habeas petition blank in response to the question therein as to whether he "sought further review of the decision on appeal by a higher state court." *Id.* Thus, the petition suggests that petitioner did not seek

---

[2] Petitioner also alleges that he filed a habeas petition in the Shasta County Superior Court, which was denied on March 13, 2013. ECF No. 2 at 2-3. He does not claim to have filed any additional state court petitions for relief. *See id.*

review of any of his claims in the California Supreme Court.[3]  Indeed, there is no indication on the California Supreme Court's docket that petitioner has sought review of his judgment of conviction in that court.[4]  Petitioner does not allege that state court remedies are no longer available to him.

Notwithstanding the court's February 5, 2014 order, petitioner has not shown cause for his failure to exhaust.  Nor has he obtained from the respondent an express waiver of the exhaustion requirement.  Petitioner has therefore failed to exhaust state court remedies, as the California Supreme Court has not yet had the opportunity to resolve petitioner's constitutional claims on their merits.  *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002).  This action must therefore be dismissed.

Accordingly, it is ORDERED that petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies and no certificate of appealability shall issue.  The Clerk of the Court shall serve a copy of this order, together with a copy of the December 16, 2013 petition, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

Dated:  April 8, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] At a minimum, petitioner concedes that at least two of the claims were never presented to the California Supreme Court. *See* ECF No. 1, § 13 (alleging that two of his claims "were not previously presented in any other court because [his] appellate attorney didn't think they had any merit").

[4] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986*); United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).